**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:17-cr-00253-LJO-SKO |
| **Plaintiff,** | **ORDER RE MOTIONS IN LIMINE (ECF NO. 51)** |
| v. | |
| **SHANE KAINOA KELLY,** | |
| **Defendant.** | |

The Court has received and reviewed the United States' motions in limine and related requests, ECF No. 51, and Defendant's responses thereto, ECF No. 57, and rules as follows.

1. As to the United States' motion in limine seeking to establish that certain statements made by Defendant, including his videotaped interview the day of his arrest as well as online chats with undercover law enforcement, are admissible, the Defendant concedes that any such statements made by Defendant are admissible, but does not concede that all the text communications were made by Defendant. Because it is not possible to determine in advance the nature of the foundation that will be laid regarding the text messages, the Court will rule as the issue arises at trial, and upon a timely objection at that time.

1

2. As to the United States' proposal to have two U.S. Attorney's Office employees read the text communications between the undercover agent and telephone number (209) 241-9737, the Court will permit this mode of presentation for the ease of jury understanding. Defendant's objections are OVERRULED.

3. The United States' request to preclude Defendant from mentioning potential penalty or punishment is GRANTED BY STIPULATION, as the Defense does not intend to make any such argument.

4. The United States' request to preclude Defendant from offering his own hearsay statements through other witnesses is GRANTED BY STIPULATION, as the Defense does not intend to offer any such evidence.

5. The United States' request to preclude Defendant from eliciting any opinion regarding Defendant's guilt or innocence is GRANTED BY STIPULATION, as the Defense does not intend to offer any such evidence. This ruling is, of course, reciprocal.

6. The United States' request to exclude non-essential witnesses from the courtroom is GRANTED BY STIPULATION, and applies to all such witnesses, except the parties, testifying experts, and the government's lead agent.

7. The United States' request to preclude Defendant from arguing jury nullification is GRANTED BY STIPULATION, as the Defense does not intend to argue nullification.

8. The United States' request to exclude evidence, argument, or a jury instruction regarding an entrapment defense, is premature. However, Defendant must warn the Court in advance (outside the presence of the jury) if it intends to offer any such evidence.

9. As to the United States' notice of its intention to offer the testimony of United States Probation Officer Phillip Hendley, the Court will permit the testimony as described. The Court has considered the Federal Rule of Evidence 403 balancing factors, including the fact Defendant was on probation, and finds that they weigh in favor of permitting the testimony.

10. As to the United States' request for reciprocal discovery, Defendant has indicated he will comply with his obligations and is ordered to do so.

11. As to the United States' request that Defendant be required to provide notice of his defenses, if any, the motion is well founded and is GRANTED.

IT IS SO ORDERED.

Dated: **January 9, 2020**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE